**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM JOHNSON,

    Plaintiff,

v.   Case No. 05-CV-74404-DT

GRAND TRUNK WESTERN RAILROAD
COMPANY et al.,

    Defendants.
_____/

**ORDER OF DISMISSAL**

On November 17, 2005, Plaintiff William Johnson filed his complaint against Defendants Grand Trunk Western Railroad Company and Canadian National. On March 28, 2005, the court ordered Plaintiff to show cause why the case should not be dismissed for lack of prosecution. Plaintiff responded on April 10, 2006. For the reasons set forth below, the court will dismiss this case in its entirety.

**I. DISCUSSION**

Federal Rule of Civil Procedure 4 provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.,* 15 F.3d 72, 73 (6th

Cir.1994)).  It is Plaintiff's burden to establish good cause for failing to timely effect service.  *Habib*, 15 F.3d at 73 (6th Cir. 1994)

Further, Eastern District of Michigan Local Rule 41.2 provides that if the parties have not taken action within a reasonable time, the court may enter an order dismissing the case for lack of prosecution.

In his one-sentence "Response to Order to Show Cause," Plaintiff states simply that "[o]n April 5, 2006, Plaintiff served Defendant via mail and expects a timely answer to be filed with regard thereto."  (4/10/05 Resp.)  Plaintiff does not provided any further explanation with respect to which Defendant he served, whether that Defendant has agreed to waive service under Federal Rule of Civil Procedure 4(d), or more importantly, how Plaintiff has served the Defendant with an expired summons. Similarly, Plaintiff has failed to present any facts or argument to establish good cause to extend the time for service.  *See* Fed. R. Civ. P. 4(m).  Accordingly, Plaintiff has failed to adequately respond to the court's "Order to Show Cause," and the court must dismiss this case.  *See Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.,* 15 F.3d 72, 73 (6th Cir.1994) ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal.").

## II.  CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's complaint is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. LR 41.2.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 20, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522